*73 OPINION.
Smith :
The question presented by this appeal is whether $1,528.66 of the tax paid by the taxpayer to the Treasurer of Porto Rico during the year 1919 is a credit under the provisions of section 238 (a) of the Revenue Act of 1918 against the income and profits tax paid to the Government of the United States during the year 1919. The Commissioner takes the position that, inasmuch as the taxpayer kept its books of account upon the accrual basis, the tax in the amount of $1,528.66 payable to the Government of Porto Rico accrued in *74 1918 under the provisions of Act No. 8 of the Island, which was approved on December 12, 1918. This holding is predicated upon the definition of “ paid ” contained in section 200 of the Revenue Act of 1918, wherein it is stated that:
The term “paid,” for the purposes of the deductions and credits under this title, means “ paid or accrued ” or “ paid or incurred,” and the terms “ paid or incurred ” and “ paid or accrued ” shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.
It is significant that the Treasurer of Porto Rico did not accept the $1,528.66 paid to him as being the payment of a tax under Act-No. 8- This act ivas repealed before any revenues were collected under it and was superseded by Act No. 80, which-was approved June 26, 1919. The $1,528.66 which was sent to the Treasurer of Porto Rico by the taxpayer was accepted in part payment of the tax imposed by Act No. 80. This tax could not have accrued during the year 1918 for the reason that the taxing statute under which it was imposed was not in existence in 1918. The tax was paid, in the year 1919 and it accrued during the same year. The taxpayer is entitled to have the payment credited against the income and profits tax paid to the Government of the United States during the same year.

Order of redetermination will be entered on 15 days’ notice, under Rule 50.